People v Deleon (2018 NY Slip Op 00531)





People v Deleon


2018 NY Slip Op 00531


Decided on January 30, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 30, 2018

Friedman, J.P., Gische, Mazzarelli, Kern, Singh, JJ.


676/16 5566 5565

[*1]The People of the State of New York, Appellant,
v
Omar Deleon, Defendant-Respondent.


Darcel D. Clark, District Attorney, Bronx (Catherine M. Reno of counsel), for appellant.
Seymour W. James, Jr., The Legal Aid Society, New York (Kalle Condliffe of counsel), for respondent.



Order, Supreme Court, Bronx County (Denis J. Boyle, J.), entered on or about November 16, 2016, which, upon granting reargument, adhered to an order (same court and Justice), entered on or about July 8, 2016, which dismissed a count of the indictment charging attempted grand larceny in the third degree, and reduced a count charging attempted grand larceny in the fourth degree to attempted petit larceny, unanimously reversed, on the law, defendant's motion to dismiss or reduce the indictment denied, and the matter remanded for further proceedings. Appeal from the order entered on or about July 8, 2016 unanimously dismissed as superseded by the appeal taken from the order entered on or about November 16, 2016.
The evidence before the grand jury indicated that defendant was apprehended before he extracted a "fishing" device — a water bottle coated in a sticky substance so that envelopes would adhere to it — from a mail collection box. Unbeknownst to defendant, a joint police-postal service task force had inserted slightly more than $3000 in money orders into this mailbox, and had it under surveillance. It is undisputed that no evidence was presented as to whether any of the envelopes found stuck to the device when defendant was arrested contained any of the planted money orders.
The court erred in dismissing one count of the indictment, and reducing another, on the ground that the People were required to present proof of intent with regard to the property value elements of attempted grand larceny in the third and fourth degrees. These elements are strict liability aggravating factors when the completed crimes are charged. While the Penal Law definitions of attempt (Penal Law § 110.00) and intentionally (Penal Law § 15.05[1]) may be susceptible to the interpretation accorded them by the motion court, any ambiguity has been resolved by the Court of Appeals' holding in People v Miller (87 NY2d 211 [1995]), that a strict liability aggravating factor of a completed crime is not a "result" to which an intent requirement attaches when an attempt to commit the completed crime is charged. Accordingly, the mental culpability requirements for an attempt and a completed crime are identical (see People v Lamont, 25 NY3d 315 [2015]), and the court erred in finding that the attempted grand larceny charges required evidence of intent to steal property of a certain value.
We also reject defendant's argument that, independent of intent or knowledge as to value, the grand jury evidence failed to show that he intended to steal all the mail in the mailbox, and therefore failed to even support strict liability for intent to steal property that, in fact, exceeded the value thresholds. Under the relatively permissive standard for sufficiency of grand jury evidence (see People v Jennings, 69 NY2d 103, 114 [1986]), the evidence, including defendant's admission that he was being paid one hundred dollars per mailbox for his fishing expedition, [*2]established a prima facie case that it was defendant's object to remove as much mail as possible from the mailbox.
We decline to revisit this Court's prior order, which denied defendant's motion for disclosure of grand jury minutes.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 30, 2018
CLERK